1   PROSKAUER ROSE LLP                       ALSTON & BIRD LLP
2   Anthony J. Oncidi (SBN 118135)           Christopher C. Marquardt
    aoncidi@proskauer.com                        (*Admitted Pro Hac Vice*)
3   Jeremy M. Mittman (SBN 248854)           chris.marquardt@alston.com
    jmittman@proskauer.com                   Isabella P. Lee (*Admitted Pro Hac Vice*)
4   Pietro A. Deserio (SBN 309230)           isabella.lee@alston.com
    pdeserio@proskauer.com                   1201 West Peachtree Street, Suite 4900
5   2049 Century Park East, 32nd Floor       Atlanta, GA 30309-3424
6   Los Angeles, California 90067-3206       Telephone: (404) 881-7000
    Telephone: (310) 557-2900                Facsimile: (404) 881-7777
7   Facsimile: (310) 557-2193

8   Attorneys for Plaintiff INSIGHT GLOBAL, LLC

9
10  PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP                              BERMAN FINK VAN HORN P.C.
11  Tyler M. Paetkau (SBN 146305)            Benjamin Fink, pro hac vice
    tyler.paetkau@procopio.com               bfink@bfvlaw.com
12  Olga Savage (SBN 252009)                 3475 Piedmont Rd NE Suite 1100
    olga.savage@procopio.com                 Atlanta, GA 30305
13  117 S. California Ave                    Phone: (404) 261-7588
    Palo Alto, CA 94304-1106                 Fax: (404) 233-1943
14  (650) 645-9027 (office)
15  (650) 687-8323 (fax)

16  Attorneys for Defendant BEACON HILL STAFFING GROUP, LLC

17

18              **UNITED STATES DISTRICT COURT**

19              **NORTHERN DISTRICT OF CALIFORNIA**

20                     **SAN JOSE DIVISION**

21  INSIGHT GLOBAL, LLC, a Delaware limited      **CASE NO.  5:17-cv-00309-BLF**
    liability company,
22
                   Plaintiff,
23                                                **[PROPOSED]**
          vs.                                     **STIPULATED PROTECTIVE ORDER**
24
25  BEACON HILL STAFFING GROUP, LLC, a            Re:  Dkt. 33
    Massachusetts limited liability company,
26
                   Defendant.
27
28

1    **IT IS HEREBY STIPULATED** by and between Plaintiff INSIGHT GLOBAL, LLC on

2    the one hand, and Defendant BEACON HILL STAFFING GROUP, LLC on the other

3    (collectively "the Parties"), by and through their respective counsel of record, that in order to

4    facilitate the exchange of information and documents which may be subject to confidentiality

5    limitations on disclosure due to federal laws, state laws, and/or privacy rights, and in order to

6    secure the entry of a protective order limiting the review, copying, dissemination and filing of

7    confidential and/or proprietary documents and information to be produced by the Parties and their

8    respective counsel or by any non-party in the course of discovery in this Litigation to the extent set

9    forth below, the Parties, by, between and among their respective counsel, stipulate as follows.

10    Disclosure and discovery activity in this Litigation are likely to involve production of

11    confidential, proprietary, or private information for which special protection from public

12    disclosure and from use for any purpose other than prosecuting this Litigation may be warranted.

13    The materials to be exchanged throughout the course of the litigation between the Parties may

14    contain trade secret or other confidential research, personnel, cost, price, marketing or other

15    commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  Further,

16    the Parties recognize that at least some of the documents and information ("materials") being

17    sought through discovery in the above-captioned action are, for competitive reasons, normally

18    kept confidential by the Parties.  Thus, the Parties have agreed to be bound by the terms of this

19    Stipulated Protective Order ("Order") in this Litigation to protect the confidentiality of such

20    materials as much as practical during and after the litigation.

21    The Parties acknowledge that this Order does not confer blanket protections on all

22    disclosures or responses to discovery and that the protection it affords from public disclosure and

23    use extends only to the limited materials that are entitled to confidential treatment under the

24    applicable legal principles. The Parties further acknowledge that this Order does not entitle them

25    to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

26    must be followed and the standards that will be applied when a party seeks permission from the

27    Court to file material under seal.

28

STIPULATED PROTECTIVE ORDER
Case No. 5:17-cv-00309-BLF

**DEFINITIONS**

The following definitions shall apply in this Order:

1.     The term "Attorneys' Eyes Only Information" means Confidential Information of a type that could be used by a competitor in business competition with the Producing Party, and thus cannot be shared with individuals who are not Counsel of a Party.

2.     The term "Confidential Information" means non-public, commercially sensitive or proprietary information that is treated by its owner as confidential.

3.     The term "Counsel" means Outside Counsel and In-House Counsel.

4.     The term "Designated Information" means Confidential Information and/or Attorneys' Eyes Only Information that has been produced in this Litigation and designated by a Party as "Confidential" or "Attorneys' Eyes Only" pursuant to the provisions of this Order.

5.     The term "Independent Expert" means a person, who is not an employee of a Party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this Litigation, either full or part-time, by or at the direction of Counsel for a Party.  The term "Independent Expert" excludes lawyer representatives of a Party who are not In-House Counsel or Outside Counsel for a Party.

6.     The term "In-House Counsel" means in-house attorneys who are employees for a Party.  For purposes of this *Insight Global, LLC vs. Beacon Hill Staffing Group, LLC* case, "In-House Counsel" also includes Mr. Robert W. Levy, Esq. of Eckert Seamans Cherin & Mellott LLC as long as Mr. Levy is serving as outside general counsel to Beacon Hill.

7.     The term "Litigation" means the above-captioned case styled *Insight Global, LLC vs. Beacon Hill Staffing Group, LLC*, Case No. 5:17-cv-00309-BLF, and its related case styled *Barker vs. Insight Global, LLC et al. vs. Barker*, Case No. 5:16-cv-07186-BLF, and the administrative proceeding between John Barker and Plaintiff Insight Global, LLC.

8.     The term "Outside Counsel" means counsel who has made an appearance in this Litigation for a Party, and includes their paralegals, agents, and support staff.

9.     The terms "Party or Parties" means Plaintiff Insight Global, LLC and Defendant

1   Beacon Hill Staffing Group, LLC.

2       10.     The term "Producing Party" means the person or entity that produces documents or

3   information, or provides testimony, in this Litigation.

4       11.     The term "Receiving Party" means a Party to whom documents or information

5   are/is provided in this Litigation by a Producing Party.

6       11.     The term "Redacted Information" means Attorneys' Eyes Only Information that is

7   highly sensitive competitive information relating to a Party or Producing Party's customers that

8   such Party or Producing Party may redact prior to production to a Party.  Customer names shall be

9   excluded from such redaction.

10                    **DUTY TO DESIGNATE CONFIDENTIAL INFORMATION**

11      12.     This Order shall apply to all Designated Information produced during discovery in

12  this Litigation by a Party or a Producing Party. It is the responsibility of a Party or Producing Party

13  to  designate  such  information  as  "CONFIDENTIAL"  (for  Confidential  Information)  or

14  "CONFIDENTIAL — ATTORNEYS' EYES ONLY" (for Attorneys' Eyes Only Information)

15  pursuant to the provisions of this Order, and all such designations shall be made in good faith.

16                    **RESTRICTIONS ON USE OF DESIGNATED INFORMATION.**

17      13.     All Designated Information shall be used only for the purpose of this Litigation and

18  not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such

19  information may not be disclosed to anyone except as provided in this Order.

20      14.     Outside Counsel and In-House Counsel for a Receiving Party may give advice and

21  opinions to their client based on evaluation of Designated Information marked "Confidential —

22  Attorneys' Eyes Only," provided that such rendering of advice and opinions shall not reveal the

23  content of such Designated Information marked "Confidential — Attorneys' Eyes Only" except by

24  prior written agreement with opposing counsel.

25  **PERSONS WHO MAY RECEIVE MATERIALS DESIGNATED AS CONFIDENTIAL**

26                                      **INFORMATION**

27      15.     After Counsel for a Receiving Party has received material designated as

28

"Confidential" during the course of this Litigation, that Counsel may disclose it or make it available only to other Counsel and the persons designated below (and, as explained below, only after certain of those persons have reviewed this Order and signed the agreement attached hereto as Exhibit A):

(a)      an officer, director, or designated employee of a Party deemed necessary by Counsel to aid in the prosecution, defense, or settlement of this Litigation, if he or she complies with the provisions of Section 16;

(b)      an Independent Expert (together with his or her support staff) retained by Counsel to assist in the prosecution, defense, or settlement of this Litigation, if he or she complies with the provisions of Section 16;

(c)      the Court, including the Court's administrative staff and clerical staff, only upon a properly submitted motion pursuant to this Order;

(d)      court reporters employed in this Litigation;

(e)      agents of Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the Parties, or by Counsel, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a Party, or attorneys' work product, all of which may contain Confidential Information;

(f)      witnesses in any deposition or other proceeding of this Litigation who were the author(s) of the material designated as "Confidential," or who, based on independent evidence, are shown to have been persons who have previously received a copy of such material, if he or she complies with the provisions of Section 16;

(g)      ADR Neutrals (e.g. Mediators) selected by the Parties to facilitate alternative dispute resolution, including the ADR Neutral's support staff; and

(h)      any other persons as to whom Counsel for the Parties in writing, or on the record during a deposition or other court proceeding, agree, if he or she complies with the

provisions of Section 16.

16.     No person described in Paragraph 15(a) (representatives of a Party), Paragraph 15(b) (Independent Experts), Paragraph 15(f) (witnesses who had previously reviewed the information) or Paragraph 15(h) (other persons as agreed by Counsel) shall be given access to Confidential Information unless and until:

(a)     he or she is given a copy of this Order, and its provisions are explained to him or her by Counsel;

(b)     he or she agrees not to disclose to anyone any Designated Information except as permitted by this Order;

(c)     he or she agrees not to make use of any such Designated Information other than solely for purpose of this Litigation; and

(d)     he or she acknowledges in writing by signing a document in the form of Exhibit A attached hereto that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.

## PERSONS WHO MAY RECEIVE MATERIALS DESIGNATED AS ATTORNEYS' EYES ONLY INFORMATION

17.     Outside Counsel shall be a Party's initial designee for receipt of Attorneys' Eyes Only Information. After Outside Counsel for a Receiving Party has received material designated as "Confidential — Attorneys' Eyes Only" during the course of this *Insight Global, LLC vs. Beacon Hill Staffing Group, LLC* case, that Outside Counsel may disclose or make it available only to In-House Counsel and the persons designated below (and, as explained below, only after certain of those persons have reviewed this Order and signed the agreement attached hereto as Exhibit A):

(a)     an Independent Expert (together with his or her support staff) retained by such Counsel to assist in the prosecution, defense, or settlement of this Litigation, if he or she complies with the provisions of Section 18;

(b)     the Court, including the Court's administrative staff and clerical staff, only

upon a properly submitted motion pursuant to this Order;

   (c)   court reporters employed in this Litigation;

   (d)   agents of Outside Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the Parties, or by Outside Counsel, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a Party, or attorneys' work product, all of which may contain material designated "Confidential — Attorneys' Eyes Only";

   (e)   witnesses in any deposition or other proceeding in this Litigation who were the author(s) of the "Confidential — Attorneys' Eyes Only" material, or who, based on independent evidence, are shown to have been persons who have previously received a copy of such material, if he or she complies with the provisions of Section 18;

   (f)   ADR Neutrals (e.g. Mediators) selected by the Parties to facilitate alternative dispute resolution, including the ADR Neutral's support staff; and

   (g)   any other persons as to whom Counsel for the Parties agree in writing or on the record during a deposition or other court proceeding, if he or she complies with the provisions of Section 18.

   18.   No person described in Paragraph 17(a) (Independent Experts), Paragraph 17(e) (witnesses who had previously reviewed the information) or Paragraph 17(g) (other persons as agreed by Counsel) shall be given access to Attorneys' Eyes Only Information unless and until:

   (a)   he or she is given a copy of this Order, and its provisions are explained to him or her by Counsel;

   (b)   he or she agrees not to disclose to anyone any Designated Information except as permitted by this Order;

   (c)   he or she agrees not to make use of any such Designated Information other than solely for purpose of this Litigation; and

   (d)   he or she acknowledges in writing by signing a document in the form of

7
STIPULATED PROTECTIVE ORDER
Case No. 5:17-cv-00309-BLF

Exhibit A attached hereto that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.

**PROCEDURE FOR DESIGNATING WRITTEN DISCOVERY MATERIAL**

19.    If a document or transcript contains information considered Confidential Information by a Party or Producing Party, such document or transcript shall be marked with the legend "CONFIDENTIAL." Such notation shall be placed on every page of each document so designated.

20    If a document or transcript contains information considered Attorneys' Eyes Only Information by a Party or Producing Party, such document or transcript shall be marked with the legend "CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL — AEO." Such notation shall be placed on every page of each document so designated.

21.    If a document or transcript contains information considered to be Redacted Information by a Party or Producing Party, such information shall be redacted using a black-out method.

**PROCEDURE FOR DESIGNATING TESTIMONY**

22.    Designated Information may be used in any deposition taken of (i) Producing Party or its employees, and (ii) any person who is entitled to receive the information under this Order. When such Designated Information is so used, the Party or Producing Party who made the designation may notify the court reporter that the portion of the deposition involving such Designated Information is being taken pursuant to this Order. Further, whenever any Designated Information is to be discussed or disclosed in a deposition, any Party claiming confidentiality may exclude from the room any person not entitled to receive such Designated Information pursuant to the terms of this Order.

23.    Information disclosed at a deposition or other testimony may be designated as "Confidential," "Confidential — Attorneys' Eyes Only," and/or "Redacted Information" at the time of the deposition or testimony, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order.

24.     Information disclosed during a deposition or other testimony may also be designated as "Confidential," "Confidential — Attorneys' Eyes Only," and or "Redacted Information" by notifying the other Party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages and line numbers of the transcript that should also be so designated.

25.     Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential — Attorneys' Eyes Only" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating Party to persons other than those persons approved under this Order to review documents or materials designated "Confidential — Attorneys' Eyes Only" on behalf of that non-designating Party.

**FILING DESIGNATED INFORMATION WITH COURT**

26.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any documents designated "Confidential" and "Confidential – Attorneys' Eyes Only." A Party that seeks to file under seal any Designated Information must comply with Civil Local Rule 79-5. Designated Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Designated Information at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Designated Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Designated Information under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court, provided, however, the Receiving Party and the Designating Party will first meet and confer in good faith regarding redaction of Designated Information to the minimum necessary for disclosure before filing in the public record.

**PROCEDURE FOR CHALLENGING DESIGNATIONS**

28.     A Party shall not be obligated to challenge the propriety of a designation as

1    "Confidential" or "Confidential — Attorneys' Eyes Only" at the time such designation is made,

2    and a failure to do so shall not preclude a subsequent challenge.

3            29.     In the event that any Party disagrees at any stage of this Litigation with the

4    designation by the designating Party or Producing Party of any information as "Confidential,"

5    "Confidential — Attorneys' Eyes Only," and/or redactions applied to Redacted Information, the

6    Party objecting shall first try to resolve such disagreement with the Producing Party in good faith

7    on an informal basis.  Specifically, the Challenging Party shall initiate the dispute resolution

8    process by providing written notice, sent by e-mail to all counsel of record, of each designation it

9    is challenging and describing in detail the basis for each challenge. The Parties shall attempt to

10   resolve each challenge in good faith and must begin the process by conferring directly (in voice to

11   voice dialogue, if possible) within 14 days of the date of service of the e-mail notice. In

12   conferring, the Challenging Party must explain in detail the basis for its belief that the

13   confidentiality designation was not proper and must give the Producing Party an opportunity to

14   review the designated material, to reconsider the circumstances, and, if no change in designation is

15   offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the

16   next stage of the challenge process only if it has engaged in this meet and confer process first or

17   establishes that the Producing Party was unwilling to participate in the meet and confer process in

18   a timely manner.

19           30.     If the disagreement cannot be resolved on an informal basis, parties shall comply

20   with the undersigned's Standing Order re Civil Discovery Disputes (and with Civil Local Rule 79-

21   5, if applicable).  Failure by the Producing Party to seek court intervention within the period set

22   out in Standing Order Section 2.D. may be deemed to waive the confidentiality designation for

23   each challenged designation unless the Producing Party can establish good cause for such delay.

24           31.     The burden shall be on the Party who designated the material as Confidential

25   Information or Attorneys' Eyes Only Information to persuade the Court that the designation is

26   necessary and appropriate. All parties shall continue to afford the material in question the level of

27   protection to which it is entitled under the Producing Party's designation until the Court rules on

28

1  the challenge.

2  <u>**CORRECTING OMITTED OR IMPROPER DESIGNATIONS**</u>

3    32.    Notwithstanding anything to the contrary herein, if a Party or Producing Party

4  through inadvertence or mistake produces any information without marking it with the legend

5  "Confidential" or "Confidential — Attorneys' Eyes Only," designates it with an incorrect level of

6  confidentiality, or inadvertently produces information without redaction, a Party or the Producing

7  Party may give written notice to the Receiving Party that the document, information, or testimony

8  contains Designated Information and should be treated as such in accordance with the provisions

9  of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the

10  Receiving Party shall (i) return said unmarked or incorrectly marked materials and not retain

11  copies thereof, (ii) treat such documents, information, or transcripts as Designated Information,

12  and (iii) cooperate in restoring the confidentiality of such Designated Information.

13    33.    The Receiving Party shall not be responsible for the disclosure or other distribution

14  of belatedly-labeled Designated Information as to such disclosure or distribution that occurred

15  prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or

16  distribution shall not be deemed to be a waiver or a violation of this Order.

17  <u>**INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**</u>

18    34.    If information subject to a claim of attorney-client privilege or work-product

19  immunity is inadvertently produced, such production shall in no way prejudice or otherwise

20  constitute a waiver of, or estoppel as to, any such claim. If a Party has inadvertently produced

21  information subject to a claim of immunity or privilege, upon request, such information shall be

22  returned promptly and, if a document, all copies of that document shall be destroyed. The Party

23  returning such information may thereafter move the Court for an order compelling production of

24  such information upon a good faith basis for challenging the privilege or protection but may not

25  assert, as a basis for compelling production, waiver based on its inadvertent production in the first

26  instance.

27

28

STIPULATED PROTECTIVE ORDER
Case No. 5:17-cv-00309-BLF

**NO WAIVER OF OBJECTIONS OR ADDITIONAL REQUESTS FOR PROTECTION**

35.     The production of information pursuant to the terms of this Order shall not constitute an admission by a Party that the information is relevant or admissible for purposes of this Litigation. It is not the intention of this Order to fully address discovery objections or to preclude any Party, including the Producing Party, from seeking other relief or protective orders from the Court as may be appropriate.

36.     This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party to this Order, or as to any non-party, with respect to any Designated Information. The fact that information is designated "Confidential" or "Confidential — Attorneys' Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any Party or person to bring before the Court the question of:

(a)     whether any particular document, information, or transcript is or is not Designated Information;

(b)     whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c)     whether any particular document, information, or transcript is or is not relevant to any issue in this Litigation; provided that in doing so the Party complies with the foregoing procedures.

**APPLICATION TO INFORMATION PRODUCED BY NON-PARTIES**

37.     A non-party to this Litigation may designate its testimony or its information produced for purposes of this Litigation as "Confidential" or "Confidential — Attorneys' Eyes Only," and such Designated Information produced by a non-party in connection with this Litigation is protected by the remedies and relief provided by this Order.

38.     Similarly, a Party may designate testimony or information regarding its business operations that is produced by a non-party as "Confidential," "Confidential — Attorneys' Eyes Only," and/or "Redacted Information."

39.     To protect its own Designated Information, the Producing Party may require a non-party to execute a document in the form of Exhibit A prior to receiving the information.

## PUBLIC INFORMATION

40.     This Order is not intended to apply to information that, before disclosure, is properly in the possession or knowledge of the Receiving Party, or that is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an unauthorized act or omission of the Receiving Party or another third party, or that is legitimately acquired from a source not subject to this Order.

## DESIGNATED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

41.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as "Confidential," "Confidential — Attorneys' Eyes Only," and/or "Redacted Information," that Party must:

(a)     promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, with a copy to the Producing Party, that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Information may be affected.

If the Producing Party timely seeks a protective order in another action, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as "Confidential," "Confidential — Attorneys' Eyes Only," and/or "Redacted Information," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions

1 should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a

2 lawful directive from another court.

3 <u>**RETURN OF DESIGNATED INFORMATION AT END OF LITIGATION**</u>

4       42.    Within sixty (60) days following the conclusion of this Litigation (including

5 appeals) as to each Receiving Party: all information designated as Designated Information, except

6 such documents or information which incorporate or are incorporated into attorney work product

7 (a single copy of which may be retained in Counsel's file), shall, upon request, be returned to the

8 Producing Party, or disposed of pursuant to the instructions of the Producing Party.  Whether the

9 Designated Information is returned or destroyed, the Receiving Party must submit a written

10 certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

11 by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts,

12 compilations, summaries or any other format reproducing or capturing any of the Designated

13 Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

14 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

15 correspondence, deposition and trial exhibits, expert reports, attorney work product, and

16 consultant and expert work product, even if such materials contain Designated Information.

17 <u>**DURATION OF PROTECTIVE ORDER**</u>

18       43.    Even after final disposition of this Litigation, the confidentiality obligations

19 imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or

20 a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of

21 all claims and defenses in this Litigation, with or without prejudice; and (2) final judgment herein

22 after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

23 Litigation, including the time limits for filing any motions or applications for extension of time

24 pursuant to applicable law. For a period of six months after final disposition of this Litigation, this

25 court will retain jurisdiction to enforce the terms of this order.

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 5:17-cv-00309-BLF

1

## MODIFICATION OF PROTECTIVE ORDER

2      44.      This Order is without prejudice to the right of a Party hereto to seek relief from the

3   Court, upon good cause shown, from any of the provisions or restrictions provided herein.

4

5

6   Dated:  September 29, 2017          /s/ *Christopher C. Marquardt*
                                        Christopher C. Marquardt (Admitted *Pro Hac Vice*)
7                                       Isabella P. Lee (Admitted *Pro Hac Vice*)
                                        ALSTON & BIRD LLP
8
                                        Anthony J. Oncidi
9                                       Jeremy M. Mittman
                                        Pietro A. Deserio
10                                      PROSKAUER ROSE LLP

11
                                        Attorneys for Plaintiff
12                                      INSIGHT GLOBAL, LLC

13

14  Dated:  September 29, 2017          /s/ *Tyler M. Paetkau*
                                        Tyler M. Paetkau (SBN 146305)
15                                      Olga Savage (SBN 252009)
                                        PROCOPIO, CORY, HARGREAVES & SAVITCH
16                                      LLP

17
                                        Attorneys for Defendant
18                                      BEACON HILL STAFFING GROUP, LLC

19

20

21

22

23

24

25

26

27

28

1

2

**FILER'S ATTESTATION**
**(Civil Local Rule 5-1(i)(3))**

3

I, Christopher C. Marquardt, hereby attest that concurrence in the filing of this document

4

has been obtained from all signatories.

5

Executed September 29, 2017, in Atlanta, GA.

6

7

8

9

10

11

12

*/s Christopher C. Marquardt*
CHRISTOPHER C. MARQUARDT
Georgia Bar No. 471150 (admitted *pro hac vice*)
ISABELLA P. LEE
Georgia Bar No. 289022 (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
Counsel for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1.    My address is: _____.

2.    My present employer is: _____.

3.    My present occupation or job description is:_____

_____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in *Insight Global, LLC v. Beacon Hill Staffing Group, LLC*, Case No. 16-cv-00309-BLF pending in the United States District Court for the Northern District of California (the "Court").  I agree that I will not disclose any documents or information received by me pursuant to the Order, except for purposes directly related to this Litigation, as explicitly allowed by said Order, and I agree to be bound by the terms and conditions of this Order unless and until modified by further order of the Court.

I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order. I understand that I am to retain all copies of any of the materials I receive which have been labeled as Designated Information in a safe and confidential place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order.

I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

_____          _____
Signature                                                         Dated

_____
Printed Name

1

2

# [PROPOSED] ORDER

3    **FOR GOOD CAUSE SHOWN**, the Court hereby approves this Stipulated

4    Protective Order.

5    **IT IS SO ORDERED**.

6

7    Dated:    October 2, 2017

8

9    _____

10   THE HON. HOWARD R. LLOYD

11   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28