UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BARKER,<br>　　　　Plaintiff,<br>　　v.<br>INSIGHT GLOBAL, LLC, et al.,<br>　　　　Defendants. | Case No. 16-cv-07186-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 198, 199 |
| INSIGHT GLOBAL, LLC,<br>　　　　Plaintiff,<br>　　v.<br>BEACON HILL STAFFING GROUP, LLC,<br>　　　　Defendant. | Case No. 17-cv-00309-BLF (VKD)<br><br>Re: Dkt. Nos. 49, 50, 51, 52, 53 |

Several discovery disputes are pending before the Court in these two related actions. The Court heard oral argument on these disputes on January 18 and February 12, 2019. For the reasons stated on the record during the hearing on February 12, 2019 (Case No. 16-cv-07186-BLF, Dkt. Nos. 211, 212; Case No. 17-cv-00309-BLF, Dkt. No. 61), and as further explained below, the Court resolves these disputes as follows:

**I.　INSIGHT GLOBAL V. BEACON HILL, CASE NO. 17-CV-00309**

　　**A.　Insight Global's Motion: Further Discovery re Dkt. No. 39 (Dkt. No. 49)**

On March 29, 2018, this Court ordered Beacon Hill to produce documents as follows: "As

to the Sacramento-area office of each company listed on Schedule A[1] . . . , Beacon Hill shall produce ESI sufficient to identify the following:

1. The date when any Beacon Hill San Francisco or Sacramento office employee first had contact with that customer.

2. The date when any Beacon Hill employee first had contact with that company at one or more of its other offices.

3. The date when any Beacon Hill San Francisco or Sacramento office employee first met with a hiring manager of the customer.

4. The date Beacon Hill first received a requisition from the customer to fill a temporary staffing need.

5. The date Beacon Hill first earned revenue from the customer.

6. The date Beacon Hill first received a staffing requisition from one or more other offices of the company.

7. The date Beacon Hill first earned revenue from one or more other offices of the company."

Dkt. No. 39 at 4. Beacon Hill has produced documents Bates numbered Barker-000257 through 000288 pursuant to this order. Insight Global says that it cannot glean the information it needs from the documents alone.

No later than February 26, 2019, Beacon Hill must serve a written explanation that provides the answers to each of these seven queries, with an attestation by both the person who provides the information on behalf of Beacon Hill and Beacon Hill's counsel, in the form required for interrogatory responses in Rule 33(b)(5). Beacon Hill's written response may refer to and rely on its document production, so long as the responsive information is clearly described.

**B.     Beacon Hill's Motion:  Discovery re Damages (Dkt. No. 50)**

Insight Global objects that the discovery Beacon Hill seeks in the interrogatories at issue is premature or the subject of expert discovery. These objections are not well taken, particularly at this stage of the case. In addition, while the Court appreciates that Insight Global may not have all the information necessary to provide a complete answer to a particular interrogatory, it may not

---

[1] "Schedule A" is a list of 17 Insight Global customers in the Sacramento area, described more fully in Dkt. No. 39.

avoid answering on that basis as to information that it does have. No later than February 26, 2019, Insight Global must serve amended responses to the Beacon Hill Interrogatories Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23 and 24.[2]

Beacon Hill's Request for Admission No. 7 asks Insight Global to admit that it has not lost any customers as a result of actions by Beacon Hill alleged in the complaint. The Court overrules Insight Global's "vague and ambiguous" objection. Insight Global must answer this request in compliance with Rule 36(a)(4), including, where appropriate, specifying which portions are admitted or denied, and which portions must be otherwise qualified. Insight Global's amended response must be served no later than February 26, 2019.

The Court denies the remainder of Beacon Hill's motion, including the portion of the discovery letter brief regarding Mr. Barker's Interrogatory No. 13 and Requests for Production Nos. 14, 17-20, 40, 46, 65 and 66.

**C.    Beacon Hill's Motion: Discovery re Trade Secrets (Dkt. No. 51)**

The Court overrules Insight Global's objections to Beacon Hill's Interrogatory No. 1. Insight Global must amend its response to this interrogatory to identify with reasonable particularity the trade secrets at issue. The amended response must avoid qualifying language, such as "including but not limited to," and must avoid general, categorical descriptions, such as "non-public financial and business information about Insight Global and its employees." Where specific documents contain the alleged trade secrets, Insight Global may refer to a specific document or portion of a document in formulating its responses, so long as the trade secret is described with reasonable particularity. Insight Global must amend its answers to Interrogatories Nos. 2 and 3 as appropriate, in view of its amendments to Interrogatory No. 1.[3] Insight Global's

---

[2] This order is based on the discovery responses attached to the joint submission in Case No. 17-cv-00309, Dkt. No. 50. Insight Global advises the Court that it has already served amended responses to most of the interrogatories at issue. As those amended responses are not before the Court, this Court expresses no opinion regarding whether those responses are sufficient.

[3] This order is based on the discovery responses attached to the joint submission in Case No. 17-cv-00309, Dkt. No. 51. Insight Global advises the Court that it has already served amended responses to all three interrogatories. As those amended responses are not before the Court, this Court expresses no opinion regarding whether those responses are sufficient.

3

1 amended responses must be served no later than February 26, 2019.

**D. Barker's Motion: Documents Cited in Interrogatories (Dkt. No. 52)**

**1. Interrogatory answers**

Insight Global's answers to Mr. Barker's Interrogatories Nos. 6, 14, 16 and 18 rely in whole or in part on references to documents that are not identified with any specificity. Insight Global must amend its answers to these interrogatories. To the extent Insight Global wishes to rely on citation to documents in its answers, those answers must comply with Rule 33(d). These amendments must be served no later than February 26, 2019.

**2. Document production**

Mr. Barker objects to the form of Insight Global's document production. The production at issue consists of electronically stored information (ESI), and was produced without metadata or other indicia reflecting how it was kept in the usual course of business. The documents were not organized and labeled to correspond to Mr. Barker's document requests. Insight Global advises the Court that, before the parties' joint submission, it provided a detailed index for its production, and that after the joint submission, it provided a log that describes by category all of the documents Insight Global has produced to date.

Mr. Barker's document requests to Insight Global ask that ESI be "printed out and provided, or produced in native electronic format." Dkt. No. 52 at 11 (Ex. 1), 31 (Ex. 2). In its written responses to these document requests, Insight Global did not object to the form of production demanded. A party must produce documents as they are kept in the in the usual course of business or must organize and label them to correspond to the categories in the document request. Fed. R. Civ. P. 34(b)(2)(E)(i). With respect to electronically stored information, if a request for production of documents does not specify the form of production, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Fed. R. Civ. P. 34(b)(2)(E)(ii). Insight Global appears not have complied with these requirements, although it contends that its post-production index/log does comply with Rule 34(b).

The parties appear not to have discussed the form of production of ESI, even though Rule 26(f)(3)(C) specifically requires counsel to discuss these matters as part of the initial conference of

counsel. And Mr. Barker has waited until very late in the discovery process, after Insight Global's production of ESI is complete, to bring the matter to the Court's attention. In view of these circumstances, the Court directs the parties to confer specifically about the form of production of their respective documents, particularly ESI, keeping in mind that the obligations imposed by Rule 34 are mutual. With respect to Insight Global's document log, the parties shall confer further regarding whether it sufficiently remedies the problems outlined in their joint submission. The parties are strongly encouraged to reach a practical resolution to this issue. Any remaining dispute regarding the form of production of documents, including ESI, may be brought to the Court's attention by a further joint submission.

### E. Barker/Beacon Hill Motion: Further Rule 30(b)(6) Deposition of Insight Global re Damages (Dkt. No. 53)

Insight Global shall produce a corporate representative(s) to testify regarding previously noticed Rule 30(b)(6) deposition topics directed to Insight Global's damages claims, but such deposition shall be limited to two categories of documents and information: (1) damages-related documents produced by Insight Global on or after October 19, 2018, and (2) new information provided by Insight Global in the Court-ordered amendments to its answers to the interrogatories and request for admission that are the subject of the Court's ruling on Dkt. No. 50, above. This further deposition will be limited to three hours. The parties shall confer regarding a mutually agreeable date and location, keeping in mind the Court's guidance regarding the expectation of professional courtesy in the scheduling of depositions.

## II. BARKER V. INSIGHT GLOBAL, CASE NO. 16-CV-07186

### A. Insight Global Motion: Further Deposition of Barker (Dkt. No. 198)

Insight Global may depose Mr. Barker regarding the contents of the 24 documents produced by Beacon Hill pursuant to the Court's December 13, 2018 order in Case No. 17-00309, Dkt. No. 46. The deposition may include questions about different or inconsistent statements, if any, that Mr. Barker may have made regarding the subject matter contained in the 24 documents. If, in his earlier deposition, Mr. Barker was asked about the subject matter contained in the 24 documents and instructed not to answer on grounds of privilege, he may be asked such questions

in this further deposition. Insight Global may not depose Mr. Barker on other subject matter, including other matters as to which other privilege objections were made. This further deposition will be limited to one hour. The parties shall confer regarding a mutually agreeable date and location, keeping in mind the Court's guidance regarding the expectation of professional courtesy in the scheduling of depositions.

### B. Insight Global Motion: Rule 30(b)(6) Deposition of Beacon Hill (Dkt. No. 199)

Insight Global has withdrawn the Rule 30(b)(6) notice that is the subject of this motion, and it has since served a new notice. That notice is the subject of separate discovery dispute letter filed in Case No. 17-00309 (Dkt. No. 60), which the Court will address in a separate order.

As explained at the hearing, the Court will order Beacon Hill to produce a corporate representative(s) to testify pursuant to Rule 30(b)(6). However, the Court's separate order will address the scope of that deposition. In all other respects the Court denies Insight Global's motion in Dkt. No. 199.

**IT IS SO ORDERED.**

Dated: February 13, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge